090118 People v. Maurice Vallejo Counsel for Mr. Vallejo May I please support, my name is Matthew Vasconcellos and I'm appearing on behalf of Mr. Vallejo Let me just stop you for one minute, you're going to have to keep your voice up first That's not, it doesn't mic your voice, but the other thing is The person who's arguing against you, Micah Shalounis, is the daughter of my best friend So I just wanted to put that on record, because I see my best friend here, and her daughter here So if you have a problem with me sitting on the case, then I certainly won't involve myself in the decision But I wouldn't care if it was my child sitting there, of course I'm going to make the right decision Based upon the law and the evidence, but I wanted to let you know that ahead of time I understand, your honor, and we don't object Counsel, I do want to get the spelling of your name, because you're not on the brief, are you? That's correct, judge, Mr. Adamski was initially scheduled to argue this So once again, your name? The first name is Matthew Last name is Vasconcellos, V-A-S-C-O-N-C-E-L-L-O-S Okay, sir, go ahead Your honor, the defendant in this case, Mr. Vallejo, was convicted on seven counts of downloading and possessing child pornography On a computer belonging to his employer, Dr. Michael Gaynor We've raised six issues in our briefs, but unless the court chooses otherwise I'd like to focus my comments this morning on the lower court's refusal to consider the testimony of Dr. Gaynor in this case And what effect that refusal had on Mr. Vallejo's defense Does the refusal to consider his testimony mean the absence of any testimony? You're talking about an inference, a negative inference? That's correct, though just as a point of clarification, Dr. Gaynor did testify He did take the stand, and he was asked a series of questions, which we'll get to He did assert his Fifth Amendment, but really, you're correct The crux of our argument is that Mr. Vallejo was entitled to a negative inference, or a positive inference in his case Let me tell you what I think, on that point, one of the major hurdles you have to overcome Is that there really shouldn't be any difference between a jury trial and a bench trial And unless you're advocating that there be a jury instruction, that when a witness takes the Fifth Amendment That the jury be instructed that a negative inference should arise from that assertion of a Fifth Amendment right It makes it, I wonder where you can go just because it's a bench trial And what's your best argument in helping us overcome that hurdle? Well, Your Honor, we're not asking for an instruction, what we are asking for, and this would apply to a bench trial and a jury trial Is that the finder of fact, whether it's the judge or a jury, be allowed to observe the witness pleading the Fifth Amendment And in this narrow instance, be allowed to draw whatever inferences arise from that testimony, or lack of testimony And the inferences would be drawn pursuant to the argument made by counsel on either side No obligation to draw an inference though, is there? Going back to Justice Patty's question, what's your best argument that a negative inference must be drawn? Again, I'm not arguing that the negative inference must be drawn What I'm arguing is really we have a conflict here between two fundamental rights We have the defendant's rights to compel testimony in his own defense pursuant to the Sixth Amendment And we have the witness's rights to refuse to testify pursuant to the Fifth Amendment And these rights are in conflict, and I'm not sure it's a conflict that can be fully resolved But the law as it now stands doesn't begin to resolve it, it doesn't even address it It raises the Fifth Amendment right to such an extent that the Sixth Amendment right is completely ignored And you understand why, of course, because it can't sacrifice one individual in favor of the other individual What I'm suggesting, Your Honor, is we don't need to In this case, I think we can respect both rights In this narrow instance where the defendant's defense is purely that I'm not the one who committed the crime, he is And the witness that he wants to call is the witness that he says committed the crime Now, in this case, Mr. Vallejo called Dr. Gaynor with the full expectation that his truthful testimony Would be favorable to Mr. Vallejo, as is his right to do And the corollary is? That it would be unfavorable to Mr. Gaynor? Correct, but Mr. Gaynor is in no jeopardy here I'm not asking that Mr. Gaynor's testimony be held against him Well, at least at the moment he wasn't Are you saying that the State would have been precluded from ever charging him? I'm saying if the State charged him, his refusal to testify still could not be used against him What if it answered those questions in a fashion that would expose him to a charge? Again, I'm not suggesting that Dr. Gaynor was required to answer those questions I think he's well within his rights to assert Correct, and I think that's correct and well within his rights I'm not saying that he has an obligation and should be forced to testify to incriminate himself All I'm asking is that we look at the specific facts of the case And the specific questions asked and allow that inference to be drawn Now, we do this already in the civil context And I understand we're not in the civil context now But I would submit to the court that the reason the inferences are not permitted in a criminal case Is really to protect the defendant And that's usually how these cases arise The State wants to put the defendant on the stand and draw a negative inference In this case, the lack of inference works to prejudice the defendant And I don't think that's what the rule was intended to do I think in this narrow case where a witness is asserting his Fifth Amendment rights And that witness has evidence and could testify in a way that's exculpatory to the defendant I think allowing the fact finder to draw whatever inference they see arising from that That refused to testify Brings the two rights closer to parity It's a balance, really It's never going to be fully resolved But it respects the Sixth Amendment right without infringing on the witness's Fifth Amendment right Now, we've cited to two cases The Maryland Supreme Court case in State v. Gray And the West Virginia case of State v. Witt By the way, these are both those states' highest courts And both of those courts came to this exact conclusion Where in this case, where the defense is that this witness is the one who really committed the crime There is evidentiary value in the witness's refusal to testify And they made that point that there is evidentiary value And they heard these exact arguments And it came down exactly the way we're asking this court to work In the West Virginia decision, you would concede that there's no Illinois case law And it's directly on point, correct? I would concede that, Your Honor I would concede that there isn't any Illinois case law on point in either direction And I don't think the Illinois courts have specifically addressed this situation Your Honor, one other point that I would like to make is that The questions put to Dr. Gaynor And this is a bit of an unusual situation In that Dr. Gaynor took the stand And the lower court permitted defense counsel to ask a series of questions That really touched on every aspect of Mr. Vallejo's defense And in that aspect, it complied with the suggestion In Gray, didn't it? By allowing him to take the stand And allowing questions to be put And not only just one question Not only when it became clear that he was going to serve as a Fifth Amendment right To ask all questions The trial judge allowed every single question counsel wanted to put to the witness To be asked, at least so that he could get a sense According to his own words Of where the defense was headed That's true, Your Honor But at the end of that testimony Or questioning, I should say The lower court specifically said That he's not going to consider this as evidence And is that within the prerogative of the trial court? Within the prerogative of the finder of fact? Well, the trial court refused to consider this as evidence Based on his understanding of the law That no inferences can be drawn in a situation like this What we're asking this court to do is carve out A narrow exception Did he set a case for that proposition? As you say, he interpreted it as a question of law Did he, in the course of making his ruling Say that I'm relying on this case For my position that I am not going to draw an inference Because I'm compelled to do so By this case I don't believe he did, Your Honor I don't believe he said one way or the other What he said was, I'm not going to consider Dr. Gaynor's assertion of his Fifth Amendment rights For any purpose The only reason, or the only consideration he gave to it Was to determine that Dr. Gaynor had a good faith basis For asserting his Fifth Amendment rights But beyond that, and I think the State conceded this Well, and let me suggest this That once the trial judge determined That there was a good faith basis To assert his Fifth Amendment right That's about as good as you can ask for, isn't it? Well, no, Judge I mean, certainly an inference might be drawn in that regard Well, that's exactly what we're asking for What we're asking for is for the finder of fact To be able to listen to the questions that are asked Listen to the witness asserting his Fifth Amendment right  Whether they be positive to the defendant or not Because this is really, the heart of this issue Is the defendant's right to put forward favorable evidence And Dr. Gaynor was really the only person available That could have corroborated all of Mr. Vallejo's testimony And many times he was the only other witness To conversations they had And in fact, the only other witness that could testify To his own downloading of the materials That Mr. Vallejo was on trial downloading So he was a crucial witness He was an important witness And at times the only witness Not being able to question Dr. Gaynor Really severely prejudiced Mr. Vallejo Because there was all this evidence favorable to him That he just couldn't get Now again, I'm not suggesting that Dr. Gaynor be forced To waive his Fifth Amendment rights What I'm asking is that the court balance those two rights And allow Dr. Gaynor to be questioned And allow the fact finder to draw inferences from that questioning And allow Mr. Vallejo the benefit of whatever positive inferences Can flow from that So you're not asking for a mandatory negative Absolutely not And I imagine this will vary Let me just stop you for one second In the facts of this case Maybe the judge could draw an inference that they were both guilty That they both looked at pornography together That they were both involved in Medicare fraud together Based upon the different statements that your client gave And therefore it certainly wouldn't be exculpatory to your client It may not And it will vary from case to case In this case we don't know whether that's what the judge was thinking We know the judge was not considering this And this will vary from case to case There will be times when no inference can be drawn There will be times when it'll be clear that the questions Put before the witness Really don't prove anything one way or the other It's like a good guess is what you're asking the judge to do To kind of guess what the person is saying by not saying anything Sure your honor And it's the same thing that we allow fact finders to do in civil cases Yeah but it's not a civil case It's not a civil case But again Dr. Gaynor is in no jeopardy here The rule is not set up to protect Dr. Gaynor Let's just say that from the defendant's perspective He wanted to put Dr. Gaynor in jeopardy Didn't he? He did not because Dr. Gaynor refused to testify He contacted the police And told them that Dr. Gaynor had these unlawful depictions on his computer And wanted him investigated That's true And what do you think the point of that was? To put Dr. Gaynor in jeopardy? Initially yes Why do you think that that intent somehow stopped? Or how did it halt? Well Mr. Vallejo's intent isn't really at issue Mr. Vallejo's rights are at issue Dr. Gaynor's rights are still being fully protected The state cannot come back and use this testimony against him And I'm not suggesting it can Dr. Gaynor has full use of his Fifth Amendment rights Can refuse to testify I'm not suggesting the state If they choose to charge Dr. Gaynor for these crimes Could go back and use this testimony against him Drawing a positive inference in favor of Mr. Vallejo here Doesn't in any way put Dr. Gaynor in jeopardy The only constitutional injury that can arise here Is to Mr. Vallejo's Sixth Amendment rights Let me ask you this Mr. Baskin-Sullis Assuming we agree with everything that you have suggested For the purposes of argument On this issue of balancing the two rights The Fifth Amendment right that Dr. Gaynor Used and your client's Sixth Amendment right Isn't that wholly and exclusively the province of our Supreme Court To carve out such a dramatic sea change if you will In terms of criminal process, criminal procedure I don't think it is your honor I don't think the Supreme Court has spoke to this question And I think your characterization of it as a sea change Is not entirely correct I think this is a very narrow exception I think this doesn't arise very often Evidenced by the fact that the court hasn't ruled on this issue To my knowledge no Illinois court has ruled on this issue And as far as I could tell There are only two or three states that have ruled on this issue Two of them being West Virginia and Maryland An intermediate Hawaii court I believe Rejected this interpretation But this really is a very narrow exception That requires very narrow facts That just don't arise very often And I think it's entirely within the right of this court To speak to this issue And any court The Supreme Court I don't think has precluded this Or endorsed this one way or the other Let me just see if I can clarify this from my thinking When you cite Gray And I'm sure you're very familiar with it When you cite Gray What was the shortfall here? What did the trial judge not do in this case That fell short of what Gray says is within the trial court's discretion? What the trial court did not do Is consider Dr. Gannon's refusal to testify as evidence Where in Gray does the Massachusetts Supreme Court say That such an inference must be drawn? It does not say that such an inference must be drawn And we're not suggesting that it must be drawn What the Gray court said was It's within the defendant's Sixth Amendment and due process rights To call a witness To call a witness In front of the prior fact That's exactly what happened here Well in fact it was in front of a jury Which is a bit of a different situation And whose choice was that? That was the defendant's choice In Gray And in here no? And here too He had to waive his right to a jury trial Before he could proceed to a bench trial Of course judge But we do treat judges and juries differently The judge in this case was the fact finder But we have to at least take the judge's word for it That he's not looking at this testimony as evidence He's a sophisticated fact finder Who we have to assume can separate the two And can follow the law We do treat juries differently In a typical case We don't allow the jury even to know That the witness has invoked his Fifth Amendment rights Where the judge always knows Because the judge needs to make that determination beforehand On a related point to that If this were a jury trial And I understand it wasn't in this case And I raise it only to Sort of bring home this point If this were a jury trial The jury would never have known That Mr. Vallejo even attempted to call Dr. Gaynor The jury very well may have gone into deliberations Thinking, you know, he put all this on Dr. Gaynor And he didn't even bother to call him I think that shows the weakness of his case That was a concern in the Gray case And I know that we don't have a jury in this case But it is a concern Like I said, I don't think that we need to separate this out Or have a different rule for a bench trial and a jury trial I think a general rule that says the finer effect And consider this refusal as evidence Would cover both a bench trial and a jury trial All right, you'll need to wrap up And you'll have a couple minutes to respond Well, if there are no questions I reserve the remainder of my time Thank you Now that we know who you are May it please the court I am Assistant State's Attorney Mike Shlemus On behalf of the people The problem with the defendant's argument Is that he's asking to draw the inescapable conclusion That had Dr. Gaynor testified That the inference that should have been drawn Is not limited to the fact that Dr. Gaynor Would have simply incriminated himself There was no offer of proof given That had Dr. Gaynor testified His testimony would have been exclusively Exculpating of the defendant And that's the problem That does not invoke this defendant's 6th Amendment rights So are you saying that basically What Justice Lampkin pointed out That he would have not exculpated the defendant But would have incriminated himself Along with the defendant Exactly The best case scenario in this case suggests that Had the defendant been allowed to call Dr. Gaynor For the sole purpose of invoking his 5th Amendment right In front of the trial court The only inference that would have reasonably Flowed from that invocation Would have been that he would have incriminated himself And not necessarily at the same time Exculpated the defendant And that's the problem with this argument Additionally Counsel's reliance on Gray is slightly misplaced In Gray The Supreme Court was addressing Whether or not the trial court had the discretion To allow a witness to come before a jury For the sole purpose of invoking his 5th Amendment rights And in Gray there is a footnote That suggests that there are several jurisdictions In this country That do not allow the calling of a witness In front of a jury For the sole purpose of invoking their 5th Amendment rights And it lists Illinois as being one of those jurisdictions Citing to the case of Savage v. State It's an Illinois appellate court case from 1973 Additionally The trial court in this case relied on the Supreme Court case Of People v. Red In issuing its decision Not only not to draw negative inference From Dr. Gaynor's 5th Amendment invocation of his testimony But additionally From not allowing him to have to breach his 5th Amendment rights So are you saying that he in fact did feel Abound legally as a matter of law That he could not draw negative inference From the invocation of the 5th Amendment rights Exactly And again Had he chosen to draw that inference It would have extended to Dr. Gaynor And his own criminal liability And not in any way extended to defendant And his innocence Then for these reasons And those contained in the people's brief We ask that you affirm defendant's conviction For the possession of child pornography All right Anything further, counsel? Just briefly, Your Honors Just on this point About we don't know what The inference to be drawn was Because we don't know what Dr. Gaynor's Testimony would have been That is true I'm not suggesting that A failure to testify is conclusive That doesn't mean it's not probative It doesn't mean that It sheds some light On Mr. Vallejo's guilt or innocence Let me suggest Going to what Justice Patti Brought up regarding Whether this court can Issue a ruling contrary to what The state of the law is already in Illinois And counsel for the state argued that The trial court relied on a Supreme Court case That said no inference can be drawn You can't expect us to Basically overrule the Supreme Court, can you? I don't think it would be overruling the Supreme Court I think it would be carving out an exception To the rule that was put in place For a very different reason The reason you don't draw inferences From the witnesses who refused to testify Is to protect the defendant's right And in some cases the witness's right From prosecution, from incriminating himself In this case That reasoning just doesn't apply In this case The prejudice is actually to the defendant So I don't think it would be overruling The Supreme Court case I think it would be recognizing That the Supreme Court rule doesn't touch On this particular fact situation And would carve out again A very narrow exception If there are no further questions All right, thank you very much The case will be taken under Advisement of the courts in recess